UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANTIUM, LLC**<br>           **Plaintiff**<br><br>**VERSUS**<br><br>**FDF ENGERY SERVICES, LLC**<br>           **Defendant** | **CIVIL ACTION NO:**<br><br>**DIVISION:**<br><br>**DISTRICT JUDGE**<br><br>**MAGISTRATE JUDGE** |

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Cantium, LLC ("Cantium"), and represents, upon information and belief, the following:

**PARTIES**

1.

Made Plaintiff herein is Cantium which is now, and was at all relevant times hereto, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Covington, Louisiana and performing business within the State of Louisiana and this federal district.

2.

Made Defendant herein is FDF Energy Services, LLC ("FDF"), which is now, and was at all relevant times hereto, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Crowley, Louisiana and performing business within the State of Louisiana and this federal district.

1

## JURISDICTION AND VENUE

3.

This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57.

4.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6.

This Court has jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, FDF performs services throughout the State of Louisiana. Additionally, the Master Service Agreement between Cantium and FDF was executed by Cantium within this district and involved the performance of services by FDF on the Outer Continental Shelf ("OCS") adjacent to the State of Louisiana.

7.

This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff is, therefore, entitled to bring this action in this Court.

**FACTUAL BACKGROUND**

8.

Cantium, LLC ("Cantium") is a Louisiana oil and gas company that is engaged in the exploration, development, and sale of oil and natural gas in the Gulf of Mexico. Cantium owns and operates offshore oil and gas platforms located in state waters of Louisiana and on the OCS adjacent to Louisiana in the Gulf of Mexico. These platforms are affixed to the Outer Continental Shelf ("OCS").

9.

Enterprise Offshore Drilling, LLC ("Enterprise") is a Houston-based offshore drilling company that provides oil and gas drilling services in the Gulf of Mexico. To perform those services, Enterprise utilizes a fleet of vessels that it owns and/or operates, including, but not limited to, the ENTERPRISE 205.

10.

The ENTERPRISE 205 is a 157 ft. self-propelled vessel commonly referred to as a "jack-up drilling rig." It is capable of being temporarily affixed to the surface via "legs" that extend downward through the water and into the seabed. These "legs" lift the hull and work deck completely out of the water. Once in a "jacked-up" position, the rig serves as a workspace for operations conducted on wellheads and/or platforms.

11.

Jack-up rigs such as the ENTERPRISE 205 are commonly used in the offshore drilling industry and are considered "vessels" under maritime law by the United States Fifth Circuit. *See Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 215 (5th Cir. 2013); *In re Oil Spill by the Oil Rig*

*Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010,* 808 F.Supp.2d 943, 949 (E.D.La.2011) *aff'd sub nom. In re DEEPWATER HORIZON,* 745 F.3d 157 (5th Cir.2014).

12.

On or about March 28, 2018, Cantium and Enterprise entered into a Master Agreement for Offshore Drilling Services, Contract No. CANTODC140 (hereinafter referred to as the "Cantium/Enterprise DSA"), pursuant to which Enterprise would provide various offshore drilling services to Cantium.[1]

13.

FDF is a Louisiana company that provides drilling/completion fluids and rig and vessel cleaning services.

14.

Cantium retained FDF to provide rig and vessel cleaning services for its drilling operations, including those being conducted in the Main Pass Field off the coast of Louisiana on the OCS. On or about January 30, 2019, Cantium and FDF entered into a Master Services Agreement, Contract No. CANTMSA302 (hereinafter the "Cantium/FDF MSA").[2]

15.

William Jones is an employee of FDF who claims that he was injured on or about April 25, 2021, when he was allegedly struck by a crane stinger (hereinafter "the incident"). At the time of the alleged incident, Jones was assigned to work aboard the ENTERPRISE 205, which was performing drilling services on and/or around Cantium's BC7 well, located in Main Pass Field 41 of the Gulf of Mexico. Jones was on the ENTERPRISE 205 at the time his alleged injury occurred, and the crane involved in his incident was physically located on the ENTERPRISE 205 as well.

---

[1] *See* Master Agreement for Offshore Drilling Services, No. CANTODC140, attached hereto as Exhibit "1."
[2] *See* Master Services Agreement, No. CANTMSA302, attached hereto as Exhibit "2."

16.

On or about April 8, 2022, Jones filed suit against Enterprise in the Twenty-Fifth Judicial District Court for Plaquemines Parish, in a matter entitled "*William Jones v. Enterprise Offshore Drilling, LLC; Sean Keith; and Curtis Thronton*," Civil Action No. 67315, seeking damages for the injuries he allegedly sustained as a result of the subject incident (hereinafter the "state court lawsuit").[3] Jones has asserted claims of negligence and unseaworthiness under the general maritime law against Enterprise. He also seeks to hold Enterprise vicariously liable for the alleged negligence of its employees, Sean Keith and Curtis Thornton.

17.

At the time of Jones' alleged incident, all FDF personnel were performing services for Cantium pursuant to the Cantium/FDF MSA aboard the ENTERPRISE 205. The ENTERPRISE 205 was working for Cantium pursuant to the Cantium/Enterprise DSA.

18.

Enterprise tendered its defense and indemnity regarding the claims of William Jones to Cantium pursuant to the parties' defense and indemnity obligations set forth in the Cantium/Enterprise DSA.

19.

In turn, Cantium tendered Enterprise's defense and indemnity to FDF pursuant to the terms of the Cantium/FDF MSA, which obligates FDF to defend and indemnify Cantium and all members of Cantium's "Company Group," which includes Cantium's subcontractors.

---

[3] *See* 25th JDC Petition for Damages, attached hereto as Exhibit "3."

20.

Section 29.1 of the Cantium/FDF MSA provides as follows:

29.1 Contractor [FDF] shall defend, protect, indemnify and hold harmless Company [Cantium] Group from and against any and all claims brought by any person, party or entity for personal or bodily injury to, sickness, disease or death of any member of Contractor [FDF] Group, and for damage to or loss or destruction of property owned, leased, rented or hired by any member of Contractor [FDF] Group, arising out of or in connection with the performance or non-performance of the services under this agreement or any service order. It is the express intention of Company [Cantium] and Contractor [FDF] that the indemnity provided for in this paragraph is an indemnity by Contractor to indemnify and protect Company [Cantium] Group from the consequences of Company [Cantium] Group's own negligence, fault or strict liability, whether that negligence, fault or strict liability is the sole, joint or concurring cause of the injuries or death or property damage.

21.

Section 29.1 of the Cantium/FDF MSA, requires that FDF hold harmless and indemnify Cantium and all members of Cantium's Company Group from and against all claims arising out of the illness and/or injury of any member of the FDF "Contractor Group."

22.

Section 1.1 (Q) of the Cantium/FDF MSA defines the "Contractor Group" as "Contractor, Contractor's Affiliates, Subcontractors, and the directors, officers, employees, agents, and invitees of all of them."

23.

Mr. Jones is a member of FDF's Group under the Cantium/FDF MSA, because he is an employee of FDF.

24.

Section 1.1(J) of the Cantium/FDF MSA defines "Company Group" as "Company, Company's Affiliates, Joint Interest Owners and their Affiliates, and the contractors and

subcontractors (excluding any Person of Contractor Group), and the directors, officers, employees, agents, and invitees of all of them."

25.

Enterprise is a member of the Cantium Company Group under the Cantium/FDF MSA because it was a contractor of Cantium.

26.

Cantium issued a formal demand to FDF wherein Cantium passed Enterprise's tender of Mr. Jones' claims through to FDF pursuant to the terms of the Cantium/FDF MSA.[4]

27.

FDF's insurer, The Hartford Fire Insurance Company (hereinafter "The Hartford"), responded to Cantium's demand on FDF's behalf. FDF has never responded directly to Cantium's tender. The Hartford denied Cantium's tender, taking the position that FDF's contractual obligations to defend and indemnify Cantium and its contractors are void pursuant to the Louisiana Oilfield Indemnity Act ("LOIA"). The Hartford further denied Cantium's status as an additional insured on the basis that Cantium did not pay a *Marcel* premium.[5]

28.

Cantium made renewed requests for defense, indemnity, and insurance coverage from FDF and The Hartford and cooperated with The Hartford's request for additional documentation, all to no avail.[6]

---

[4] *See* Cantium Initial Tender Letter, dated July 16, 2021, attached hereto as Exhibit "4."
[5] *See* August 20, 2021 correspondence from The Hartford to Cantium, attached hereto as Exhibit "5."
[6] *See* May 19, 2022, correspondence from Cantium to The Hartford, attached hereto as Exhibit "6."

7

29.

The Hartford denied Cantium's tender again or about September 16, 2022.[7] In doing so, the Hartford reiterated its position that the defense, indemnity, and insurance obligations set forth in the Cantium/FDF MSA were voided by the LOIA. The Hartford's reasoning is premised upon the legally incorrect notion that, because the ENTERPRISE 205 was in the jacked-up position at the time of Jones alleged incident, and thus, was affixed to OCS, the Outer Continental Shelf Lands Act ("OCSLA") applies, thereby requiring the application of the LOIA as the law of the adjacent state. In concluding that LOIA applies to the Cantium/FDF MSA, The Hartford has deemed the defense, indemnity, and insurance provisions set forth in the contract void and null under Louisiana state law.

30.

To date, Cantium has not received a response from FDF independent from that of its insurer.

**CONTRACTUAL DEFENSE AND INDEMNITY**

31.

Pursuant to the clear and unambiguous terms of the Cantium/FDF MSA, FDF is required to fully defend, indemnify and hold harmless Cantium and all members of Cantium Group, including Enterprise, from and against all claims, demands, and causes of action of any kind, arising in favor of its employees.

32.

The FDF/Cantium MSA is governed by the general maritime law of the United States, and FDF's contractual defense and indemnity obligations are valid and enforceable as set forth by the

---

[7] *See* September 16, 2022 correspondence from The Hartford to Cantium, attached hereto as Exhibit "7."

United States Fifth Circuit Court of Appeals in *Larry Doiron, Inc. v. Specialty Rental Tools & Supply, L.L.P.*, 879 F.3d 568 (5th Cir. January 8, 2018). *See also In re: In the Matter of the Complaint of Crescent Energy Services, L.L.C.*, 896 F. 3d 350 (5th Cir. 2018).

33.

Specifically, the Cantium/FDF MSA is a contract for services facilitating the drilling or production of oil and gas on navigable waters and the parties anticipated that the use of a vessel would play a substantial role in the completion of those services. *See Larry Doiron, Inc. v. Specialty Rental Tools & Supply, L.L.P.*, 879 F.3d 568 (5th Cir. January 8, 2018).

34.

The ENTERPRISE 205 played an integral role in the work being performed on the BC7 well pursuant to the Cantium/FDF MSA. In fact, the services FDF was providing to Cantium at the time of Jones' alleged incident could not have been performed without the use of the ENTERPRISE 205, a vessel.

35.

In executing the Cantium/FDF MSA, Cantium and FDF contemplated that a vessel such as the ENTERPRISE 205 would play a substantial role in the performance of the contract. FDF is familiar with the Main Pass Field and was aware that drilling operations on Cantium's wells required the use of a vessel, specifically a jack-up drilling rig. The parties' expectations regarding the use of a vessel are reflected in the terms of the Cantium/FDF MSA, as well as the Cantium Master Service Purchase Order issued for the work being performed at the time of Jones' alleged incident.[8]

---

[8] *See* Cantium, LLC and FDF's Service Order No.CANTMSA302-001, dated January 30, 2019, attached hereto as Exhibit "8."

36.

A jack up drilling rig such as the ENTERPRISE 205 does not lose its vessel status merely because it is in the jacked-up position and thus, temporarily affixed to the seabed. *BW Offshore USA, LLC v. TVT Offshore AS*, 145 F. Supp. 3d 658, 662 (E.D. La. 2015); *see Baloney v. Ensco Offshore Co.*, 570 F. App'x 423, 426 (5th Cir. 2014); *see also Eschete v. McDermott, Inc.*, No. CV 16-3931, 2016 WL 3438828, at *5 (E.D. La. June 23, 2016). While it is true that a jack-up drilling affixed to the OCS qualifies as an OCLSA situs for the purpose of determining whether OCSLA jurisdiction exists, such analysis is inapplicable in determining whether a contract is governed by maritime law. *In re Crescent Energy Servs., L.L.C. for Exoneration from or Limitation of Liab.*, 896 F.3d 350, 358 (5th Cir. 2018); *see Sanchez v. Am. Pollution Control Corp.*, 566 F. Supp. 3d 549, 555 (E.D. La. 2021).

37.

Pursuant to the terms of the Cantium/FDF MSA, FDF is contractually obligated to defend, indemnity, and hold Cantium and Enterprise, as a member of Cantium's Company Group, harmless from and against the claims of William Jones.

## ADDITIONAL INSURED STATUS

38.

In addition to FDF's obligation to defend and indemnify Cantium in connection with the claims of William Jones, the Cantium/FDF MSA requires FDF to obtain additional insured coverage for Cantium and the Cantium Company Group with a waiver of subrogation.[9]

---

[9] *See* Sections 18.1 and 18.2 (I), (K), (L), and (N) of Cantium/FDF MSA, Exhibit "2"

39.

Section 18 of the Cantium/FDF MSA further requires that such additional insured coverage to Cantium be primary and noncontributory to any coverage which Cantium itself has with respect to the incident which forms the basis of Jones' state court lawsuit.

40.

As FDF's insurer, The Hartford is the additional insurer of Cantium and Enterprise by virtue of its status as a member of Company Group, pursuant to the terms of the Cantium/FDF MSA.[10]

41.

Accordingly, Cantium makes demand upon FDF to provide insurance coverage to Cantium and Enterprise as an additional insured as to claims of William Jones.

## **BREACH OF CONTRACT**

42.

In the event it is determined that FDF failed to obtain additional insured coverage for Cantium as required under the Cantium/FDF MSA and as set forth hereinabove, Cantium is entitled to all applicable damages from FDF for such breach of contract, including, but not limited to, the following:

a. Any and all amounts for which Cantium may be cast in judgment as a result of the claims of William Jones;

b. All of Cantium's fees and expenses incurred in connection with defending itself and/or Enterprise against the claims of William Jones;

c. Any and all other applicable damages.[11]

---

[10] *See* Section 18.2 of Cantium/FDF MSA, Exhibit "2"
[11] *See* Section 18.2 (K)-(L) of Cantium/FDF MSA, Exhibit "2"

43.

Section 18.2 (K) of the Cantium/FDF MSA further obligates FDF to release, defend, indemnify, and hold harmless Cantium Company Group from any loss Cantium Company Group may suffer as a result of FDF's failure to comply with the insurance requirements set forth in the Cantium/FDF MSA.

44.

Further, Section 18.2(L) of the Cantium/FDF MSA provides that, to the extent FDF fails to provide the insurance coverage and/or amounts required by the Cantium/FDF MSA, FDF shall be deemed to be self-insured to the entire extent of any deviation from the stated coverage and amounts, and shall fully release, protect, defend, and indemnify Cantium Company Group and hold Cantium Company Group harmless, including attorneys' fees, costs of defense and interest, from any and all claims which would have been insured by FDF's insurer had the terms of the Cantium/FDF MSA been complied with.

45.

Cantium is entitled to recover all costs incurred as a result of FDF's breach of its contractual obligations under the Cantium/FDF MSA, including, but not limited to, attorney's fees and defense costs. FDF is also liable to Cantium for any settlement or judgment in favor of Jones.

**WHEREFORE**, after due proceedings are had, Cantium, LLC, prays that its claim for Declaratory Judgment and Breach of Contract be deemed good and sufficient and that judgment be entered in its favor declaring that (1) FDF is contractually obligated to defend, indemnify, and insure Cantium and Enterprise in connection with the claims asserted by William Jones pursuant to the terms of the Cantium/FDF MSA; and (2) FDF is obligated to pay Cantium's attorneys' fees and other expenses incurred in defending Enterprise against the claims of William Jones and any

judgment cast against Cantium and/or Enterprise in favor of William Jones. Additionally, Cantium prays for a judgment holding that FDF breached its contractual obligations to procure insurance in favor of Cantium as required by the Cantium/FDF MSA and is obligated to directly insure Cantium for the claims of William Jones and is liable to Cantium for all damages arising from its breach of contract, including, but not limited to, attorneys' fees, costs of defense, interest and/or any settlement or judgment in favor of William Jones. Cantium further seeks all other just and equitable relief that this Honor Court deems proper.

    Respectfully submitted,

*/s/  Robert R. Johnston*
ROBERT R. JOHNSTON T.A. (#22442)
CONSTANCE C. WAGUESPACK (#36416)
ERIC IAMURRI
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Eric.Iamurri@pjgglaw.com
**ATTORNEYS FOR PLAINTIFF CANTIUM, LLC**