UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CANTIUM, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-78** |
| **FDF ENERGY SERVICES, LLC** | **SECTION "L" (2)** |

### ORDER & REASONS

Before the Court is Defendant FDF Energy Services, LLC's ("FDF") Rule 59 and Rule 60 Motion for a New Trial. R. Doc. 83.[1] Plaintiff Cantium, LLC ("Cantium") opposes the motion. R. Doc. 86. FDF replied, R. Doc. 87, and Cantium filed a sur-reply, R. Doc. 88-2. After a review of the briefing, record, applicable law, and oral argument, the Court now rules as follows.

I.   BACKGROUND:

This case arises out of a contractual dispute between Cantium and FDF. Cantium owns and operates offshore oil and gas platforms located in state waters of Louisiana and others affixed to the Outer Continental Shelf ("OCS") adjacent to Louisiana in the Gulf of Mexico. R. Doc. 1 at 3. FDF is a Louisiana company that provides drilling/completion fluids and rig and vessel cleaning services. *Id.* at 4. Cantium retained FDF to provide rig and vessel cleaning services for its drilling operations. *Id.* The parties entered into a contract, the Master Services Agreement, for these services ("FDF MSA"). *Id.*

Cantium was also under contract (the "Enterprise MSA") with Enterprise Offshore Drilling, LLC ("Enterprise"). Enterprise provided various offshore drilling services to Cantium.

---

[1] FDF originally filed its motion on June 4, 2024, as R. Doc. 79. On June 7, 2024, the Court re-issued the Order to which FDF's motion was addressed. R. Doc. 82. FDF re-filed this Motion on June 13, 2024, as R. Doc. 83. This Order serves to address both motions.

1

*Id.* at 3-4. To perform those services, Enterprise utilized a fleet of vessels that it owns and/or operates, including the ENTERPRISE 205, a movable jack-up rig. *Id.*

William Jones, an employee of FDF, claims that he was injured by being struck by a crane stinger on or about April 25, 2021 while performing services for Cantium pursuant to the FDF MSA. *Id.* at 4-5. At the time of that incident, Jones and the crane which struck him were both aboard the ENTERPRISE 205, which was jacked-up on the OCS off the coast of Louisiana. *Id.* Jones filed suit in state court seeking damages for his injuries and asserting claims of negligence and unseaworthiness against Enterprise and seeking to hold Enterprise vicariously liable for the alleged negligence of its employees, Sean Keith and Curtis Thornton. *Id.*

Enterprise tendered its defense and indemnity regarding the claims of William Jones to Cantium pursuant to the parties' defense and indemnity obligations set forth in the Enterprise MSA. *Id.* at 5-6. Cantium in turn tendered Enterprise's defense and indemnity to FDF pursuant to the terms of the FDF MSA, which Cantium alleges obligates FDF to defend and indemnify Cantium and all members of Cantium's "Company Group," which includes Cantium's subcontractors such as Enterprise. *Id.*

FDF's insurer, The Hartford Fire Insurance Company ("The Hartford"), denied Cantium's tender to FDF to indemnify it against Jones's claims, taking the position that FDF's contractual obligations to defend and indemnify Cantium and its contractors are void pursuant to the Louisiana Oilfield Indemnity Act ("LOIA"). *Id.* at 7-8. Cantium then brought this action against FDF, seeking declaratory judgment that FDF must indemnify it and its contractor Enterprise against Jones's claims, as well as damages for breach of contract. *Id.* at 8-12.

Cantium averred that maritime law applied to the case because the accident took place on a vessel. R. Doc. 82 at 4. Thus, it contended that the indemnity provisions in the FDF MSA were

2

valid. *Id.* Cantium sought attorney's fees and costs to be incurred in defending the underlying suit, as well as those fees and costs already incurred in the present suit. *Id.*

FDF contended that Louisiana law, not maritime law, applied to the contract because it was unaware that the ENTERPRISE 205 was a vessel. *Id.* It noted that under the LOIA, indemnity provisions such as that in the FDF MSA are invalid. *Id.* Further, it contended that Cantium did not have standing to recover any attorney's fees or costs that were in fact paid by its insurer, JH Blades. *Id.* at 5. Rather, JH Blades was the only entity that could file suit for these fees. *Id.* But, FDF argued, JH Blades was actually precluded from recovering the fees by the Fifth Circuit's holding in *Duval v. Northern Assurance Co. of America*, 722 F.3d 300 (5th Cir. 2013). FDF interpreted this case to hold that third party insurers cannot recover attorney's fees and costs from a defendant in indemnity cases where the insurer is not listed as a covered entity under the contract. *Id.*

On June 7, 2024, the Court granted summary judgment for Cantium. R. Doc. 82.[2] The Court determined that maritime law, not Louisiana law, applied to the contract. *Id.* at 15. Accordingly, the Court held that the indemnity provision found in the FDF MSA was enforceable. *Id.* at 17. The Court also found that Cantium was entitled to recover attorney's fees and costs incurred in the defense of the underlying Jones lawsuit, as well as the present suit for enforcement of its indemnification rights. *Id.* The Court did not find merit in FDF's argument that Cantium did not have standing to recover the fees. *Id.* at 19. The Court noted that the case FDF cited in support of its argument, *Duval v. Northern Assurance Co. of America*, actually supports the proposition that a plaintiff, such as Cantium, and not an insurer, such as JH Blades, is the proper party to recover fees and costs incurred by the plaintiff and paid by the insurer in a contract such as the one

---

[2] This Order was originally issued on April 2, 2024. R. Doc. 73. However, that Order was issued while the case was under an involuntary stay due to FDF's pending bankruptcy proceeding. After the stay was lifted, the Court re-issued an identical Order on June 7, 2024. R. Doc. 82.

at issue. *Id.* at 20. Overall, the Court noted that "on the question of *entitlement* to these fees [] the Court finds that Cantium has this right under the FDF MSA's clear language." *Id.* The Court noted that it would decide the proper amount of these fees and costs at a later time. *Id.*

## II.     PRESENT MOTIONS

Defendant FDF filed a motion styled "Rule 59 and Rule 60 Motion for a New Trial." R. Doc. 83. In its motion, FDF requests that the Court "clarify its ruling to state that Cantium is not entitled to recover attorney's fees and costs paid by its insurer, JH Blades." R. Doc. 83-1 at 3-4. FDF re-urges similar arguments to those it made on summary judgment. First, it contends that Cantium cannot recover attorney's fees and costs that were, in fact, paid by its insurer, JH Blades. *Id.* at 4. Second, it avers that JH Blades cannot recover the costs and fees pursuant to the Fifth Circuit's holding in *Duval v. Northern Assurance Co. of America*. *Id.* at 4-6. It argues that there, as here, the contract at issue did not require the defendant to indemnify the plaintiff's insurers. *Id.* Accordingly, in that case, the plaintiff's insurer could not bring a claim directly against the defendant. *Id.* Therefore, it contends that neither Cantium nor JH Blades can recover these fees and costs.

Cantium opposes the motion. R. Doc. 86. It argues that FDF's filing is properly a motion to alter or amend a judgment under Rule 59(e) or Rule 60, not a motion for a new trial. *Id.* at 3. It notes that the standard for obtaining relief under these rules is high and that altering a judgment is an extraordinary remedy. *Id.* at 4. Moreover, Cantium contends that FDF's motion merely "rehashes—verbatim—the arguments from its Motion for Summary Judgment that have already been rejected by the Court." *Id.* at 2.  It argues that the Court already correctly held that Cantium can recover attorney's fees and costs that were paid by its insurer, JH Blades. *Id.* It avers that the collateral source rule—which provides that a tortfeasor cannot reduce damages owed to a plaintiff

by amounts the plaintiff recovered from other sources such as insurers—applies in this case. *Id.* at 7. Thus, Cantium can recover the fees from FDF even if these fees were actually paid by JH Blades. *Id.* Further, Cantium notes that it will not actually receive a double recovery because JH Blades is entitled to subrogation under the terms of the insurance policy. *Id.* at 7, 11. Finally, it argues that FDF again misstates and misapplies the holding of *Duval*. *Id.* at 9. Cantium maintains that the case does not stand for the proposition that insurers are categorically barred from recovering where they are not listed as a covered entity in the indemnity provisions of their insureds' contracts. *Id.* Rather, Cantium argues that *Duval* is properly read to mean that a plaintiff, such as Cantium, and not a third-party insurer, such as JH Blades, is the proper party to recover costs and fees paid by the insurer on behalf of the Plaintiff. *Id.*

On reply, FDF argues that the collateral source rule is a tort principle inapplicable to the instant contract dispute. R. Doc. 87 at 2. And, it contends that Cantium provides no evidence that JH Blades will be entitled to subrogation. *Id.* at 3. In sur-reply, Cantium disagrees, contending that courts have found that the collateral source rule can apply in contract disputes. R. Doc. 90.

### III. APPLICABLE LAW

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Shopf v. Griggers*, No. 17-10958, 2018 WL 1453214, at *1 (E.D. La. Mar. 23, 2018); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Under Rule 59(e), a movant "must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) does not allow a movant "to rehash arguments which have already been

raised before [the district] court," to advance "arguments that could have been offered or raised before entry of judgment," or "to argue [the] case under a new legal theory." *Naquin v. Elevating Boats*, L.L.C., 817 F.3d 235, 240 n. 4 (5th Cir. 2016) (quotations omitted).

## IV.   DISCUSSION

The Court finds that FDF has not met any of the three factors that would justify reconsideration of the Court's Order granting summary judgement to Cantium. R. Doc. 82. FDF has not pointed to any intervening changes in law or to new evidence. *Henry*, 2016 WL3524107 at *2. FDF seemingly attempts to argue that the Court's prior order was a "manifest error in law." *Id.* The Court disagrees.

In its motion for reconsideration, FDF argues that allowing Cantium to recover attorney's fees that were, in fact, paid by its insurer JH Blades would constitute an impermissible double recovery for Cantium. It contends that the collateral source rule, which prohibits a tortfeasor from reducing their liability to an injured plaintiff by the amount the plaintiff received from insurance proceeds, does not apply in contract cases. Thus, it argues that Cantium should not be allowed to recover the attorney's fees from FDF.

The Court notes that FDF's argument that the collateral source rule does not apply in contract cases holds merit and deserves further analysis. *See Grand Isle Shipyards, Inc. v. Black Elk Energy Offshore Operations*, LLC, No. CV 15-129, 2021 WL 809374, at *5 (E.D. La. Mar. 3, 2021) ("No Louisiana court has explicitly held the collateral source rule to apply to a breach of contract claim."). Notably, a "major policy reason" for application of the collateral source rule is "tort deterrence." *Metoyer v. Auto Club Fam. Ins. Co.*, 536 F. Supp. 2d 664, 667 (E.D. La. 2008) (citing *Bozeman v. State,* 879 So.2d 692 (La. 2004)). Accordingly, it does not appear that the

collateral source rule would justify allowing a plaintiff, such as Cantium, to receive a double recovery in a breach of contract action.

However, the Court does not reach the issue of the collateral source rule because it notes that Cantium will not, in fact obtain a double recovery in this case. The terms of Cantium's insurance policy with JH Blades provide that: "If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them." R. Doc. 71 at 7. Additionally, Counsel for Cantium has represented to the Court that "JH Blades, as Cantium's insurer, is entitled through subrogation to be reimbursed all amounts paid in connection with Cantium's defense and indemnity of Enterprise." R. Doc. 86 at 7. Counsel assures the Court that the idea that "Cantium will somehow pocket the amount recovered in fees and expenses incurred by JH Blades, thereby profiting from this matter, is not reality." *Id.* at 10. The Court does not assume that Cantium intends to violate the terms of its policy with JH Blades.

Courts have previously allowed plaintiffs to recover damages from a defendant—even if those damages were actually paid by an insurer—where the plaintiff's insurer had a right of subrogation. For example, in *Structural Metals, Inc. v. S & C Electric Co.*, the court held that the defendant owed the plaintiff damages arising out of the defendant's breach of its warranty. No. 09-984, 2013 WL 870084, at *5 (W.D. Tex. Mar. 7, 2013), aff'd on other grounds, 590 F. App'x 298 (5th Cir. 2014). The fact that the plaintiff's insurer had already paid some of the same damages was irrelevant because "[plaintiff's] insurance company may have subrogation rights, in which case [plaintiff] would not receive a double recovery [] and [defendant] would properly bear the burden of its breach rather than the insurer." *Id.* Here, as in *Structural Metals, Inc.*, Cantium will

7

not receive a double recovery by recovering fees paid by its insurer because JH Blades has a right of subrogation. Accordingly, the collateral source rule, which addresses the permissibly of a double recovery under certain circumstances, is not truly at issue here.

Finally, FDF again raises the case of *Duval v. Northern Assurance Co*. for the proposition that an insurer cannot recover against a third party that breached a contract with its insured. However, the Court finds that *Duval* is distinguishable from the present case. There, two maritime companies entered into a Master Services Agreement wherein one, BHP, agreed to indemnify the other, Deep Marine. *Duval* 722 F.3d at 303. A personal injury plaintiff sued Deep Marine, which then tendered defense of the suit to BHP pursuant to the MSA. *Id*. at 302. Then, Deep Marine went into bankruptcy, and the court directed the Plaintiff to proceed directly against Deep Marine's insurer. *Id*. The insurer then sued BHP, arguing that BHP should indemnify it pursuant to Deep Marine's MSA with BHP. *Id.* at 303. The Court disagreed, holding that the insurer did not, itself, have a contract with BHP and was thus not entitled to indemnity. *Id.* at 303.

Here, *Duval* might be on point if William Jones, the plaintiff in the underlying suit, were proceeding directly against JH Blades and if JH Blades, itself, was seeking indemnity from FDF. However, that is clearly not the case. Rather, Cantium has brought suit to enforce the indemnity provisions of its own contract with FDF. The Court does not, therefore, find *Duval* instructive.

Overall, the Court affirms its prior order. The Court has already held that the indemnity provisions of the FDF MSA are valid. R. Doc. 82 at 17. The terms of the indemnity agreement require FDF to pay attorney's fees and costs associated with the underlying suit as well as fees and costs associated with Cantium's enforcement of the indemnity provisions. *Id.* at 17-18. Cantium is thus entitled to recover from FDF all attorney's fees and costs incurred on its behalf in defending the Jones suit and the present suit, regardless of whether JH Blades actually paid such costs. JH

Blades will then be entitled to subrogation pursuant to the terms of its insurance policy with Cantium. This outcome satisfies all contractual obligations at issue at assures that FDF will "properly bear the burden of its breach rather than [Plaintiff's] insurer." *Structural Metals, Inc.*, 2013 WL 870084, at *5.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that FDF's motion for a new trial refiled, R. Doc. 83, is **DENIED.** FDF's earlier motion for a new trial, R. Doc. 79, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 19th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE